## UNITED STATES CIRCUIT COURT.

WILLIAM H. WELLS agt. THE SCHOONER ANN CAROLINE.

It is a settled general rule of navigation, that when two sailing vessels are ap-
proaching each other on opposite tacks, both having the wind free, the one
on the larboard tack must give way and pass to the right.

But this rule should not prevail when, as in this case, it appeared by the weight
of evidence, that the course of the vessel on the starboard tack was to the lee-
ward, and somewhat astern of the other, and by suddenly coming around on
her starboard tack produced a collision.

*New -York, September,* 1859.
APPEAL by libelant from a decree of the court below.

BENEDICT, BURR & BENEDICT, *for libelant and appellant.*
MR. DONOHUE *and* MESSRS. OWEN & VOSE, *for respondent.*

NELSON, C. J.    The libel in this case was filed by the own-
er of the schooner John C. Wells against the schooner Ann
Caroline, to recover damages for a collision occurring in the
month of February, 1854, on the eastern shore of Delaware
Bay.    The two vessels were beating up the bay in company
with several other vessels, in a channel about a mile wide, be-
tween Crow Shoal and the Jersey shore.    The wind was N.
N.W., about five or six knot breeze; the tide flood, setting up
the bay.    The John C. Wells was close-hauled on her larboard
tack, which was her long tack from Crow Shoal to the Jersey
shore ; the Ann Caroline close-hauled on her starboard tack
on the opposite course from the Jersey shore to Crow Shoal.

The Wells was very heavily laden—the Ann Caroline in ballast. The two vessels had tacked at the Crow Shoal upon their long tack nearly at the same time, the Caroline at the time being to the leeward of the Wells and somewhat astern of her. The Ann Caroline ran out but one half or two-thirds of her course, when she suddenly came round on her starboard tack, in consequence of a vessel ahead suddenly backing and obstructing her course. While on this course she came in collision with the Wells, striking her on her starboard side aft, about ten or fifteen feet from her taffrail, opening her side, and from which injury she sank to the bottom of the channel in a few minutes.

The main ground upon which the defence of the Ann Caroline is placed is, that she was on the starboard or privileged tack, and that it was the duty of the Wells to give way and pass to her right. The controlling question in the case is, whether or not the Wells was to the windward, and so far above the course of the Caroline, before the two vessels came together, as to forbid the application of this settled rule of navigation, that when two vessels are approaching each other on opposite tacks, both having the wind free, the one on the larboard tack shall give way and pass to the right. On looking into the proofs in the case, which are very voluminous, it will be found that the testimony of the master and hands on board of the respective vessels, as usual, is contradictory—those of the Wells claiming that the course of the Caroline was to the leeward and southerly of that of their vessel, while those on the Caroline insist that her course was to windward of the Wells.

If the case stood upon the testimony of these witnesses, we should regard it as so far conflicting and doubtful as to lead us not to interfere with the decree of the court below dismissing the libel. But there are four witnesses, masters and hands upon other vessels, engaged at the same time in beating up this channel, and who were on the same tack with the Wells, but to the leeward and a little to her stern, who witnessed the collision and the course of the vessels previous to the accident,

and they all concur in confirming the testimony of the master
and hands of the Wells as to the course and relative position
of the two vessels. The testimony of one of these witnesses
has been taken in this court and was not before the court be-
low, which is very explicit and direct upon this question.
There were several considerations urged on the argument by
the counsel on both sides in support of their respective views
of the case, which, as they rest principally upon a controverted
state of facts, we do not deem it important to notice. We must,
therefore, reverse the decree of the court below, and direct a
reference to a commissioner to take proofs, and report upon
the libelant's damages in the case.